UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RICARDO BROWN and BRANDON GREEN,

               Plaintiff,                         14 CV 4554 (SJ) (VVP)

      - against -                            AMENDED
                                                             COMPLAINT AND
P.O. WILLIAM NEVILLE, Shield No. 13746,      JURY TRIAL DEMAND
P.O. DAVID HUDSON, Shield No. 22134,
P.O. MICHAEL COSPITO, Shield No. 12069,
P.O. ALFONSO VARGAS, Shield No. 15386,
SERGEANT "JOHN DOE," P.O. "JANE DOE,"
and THE CITY OF NEW YORK,

               Defendants.
-------------------------------------------------------------------X

       Plaintiffs, RICARDO BROWN and BRANDON GREEN, by their attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully allege as follows:

## JURISDICTION

1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

3.    Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4.    Plaintiff RICARDO BROWN, invoking the pendent jurisdiction of this Court, also seeks compensatory and punitive damages for battery.

5.    Plaintiff BRANDON GREEN, invoking the pendent jurisdiction of this Court, also seeks compensatory and punitive damages for false arrest and battery.

## VENUE

6. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

7. Plaintiffs hereby demand a trial by jury of all issues in this action that are so triable.

## PARTIES

8. At all times relevant hereto, plaintiff RICARDO BROWN (hereinafter "BROWN") was and is a natural person, resident in the County of Queens, City and State of New York.

9. At all times relevant hereto, plaintiff BRANDON GREEN (hereinafter "GREEN") was and is a natural person, resident in the County of Queens, City and State of New York.

10. Plaintiffs, RICARDO BROWN and BRANDON GREEN, are brothers.

11. At all times relevant hereto, defendant P.O. WILLIAM NEVILLE, Shield No. 13746, (hereinafter "NEVILLE") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

12. At all times relevant hereto, defendant P.O. DAVID HUDSON, Shield No. 22134 (hereinafter "HUDSON") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

13. At all times relevant hereto, defendant P.O. MICHAEL COSPITO, Shield No. 12069, (hereinafter "COSPITO") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

14. At all times relevant hereto, defendant P.O. ALFONSO VARGAS, Shield No. 15386, (hereinafter "VARGAS") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

15. At all times relevant hereto, defendant SERGEANT "JOHN DOE" was and is a natural person, employed as a sergeant by the Police Department of defendant CITY OF NEW YORK.

16. At all times relevant hereto, defendant P.O. "JANE DOE" was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

17. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

18. The individual defendants are sued in their individual capacities.

19. On or about July 1, 2013, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiffs served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

20. More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

21. This action is commenced within one year and ninety days from the date the pendent claims herein accrued.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF RICARDO BROWN
### <u>AGAINST THE INDIVIDUAL DEFENDANTS</u>
### (42 U.S.C. §1983)

22. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "21" hereinabove as if more fully set forth at length herein.

23. On or about May 9, 2013, at approximately 10:00 P.M., plaintiff BROWN was lawfully present with his brother, plaintiff GREEN, on a public walkway that runs between the premises with the addresses 56-10 and 56-16 Beach Channel Drive, in the County of Queens, City and State of New York.

24. At the aforementioned time and place, three motor vehicles belonging to the Police Department of defendant CITY OF NEW YORK pulled up in front of plaintiffs.

25. The individual defendants hereto exited the aforementioned motor vehicles and approached plaintiffs.

26. One or more of the individual defendants stated that they had received a report that fifteen persons, at least one of whom was in possession of a firearm, were present at the aforementioned location.

27. Defendant NEVILLE approached plaintiff BROWN and began searching inside plaintiff BROWN's pockets.

28. Plaintiff BROWN took a booklet out of his pocket that he had received at a police-community meeting, and, speaking to both defendant NEVILLE and defendant SERGEANT JOHN DOE, pointed out that defendant NEVILLE did not have a right to search inside his pockets.

29. Defendant NEVILLE's response to plaintiff BROWN was to state, "You think you're tough?" take his baton, strike plaintiff BROWN with it, throw him to the ground, stomp on him, rear-handcuff him, and continue hitting him after he was handcuffed.

30. Neither SERGEANT JOHN DOE nor any of the other individual defendants present made any attempt whatsoever to prevent defendant NEVILLE from assaulting plaintiff BROWN.

31. Plaintiff BROWN was placed into one of the aforementioned motor vehicles and driven to the stationhouse of the 101st Precinct.

32. The defendant who drove the vehicle that took plaintiff BROWN to the 101st Precinct was a male black; the recorder was a white female.

33. Once inside the stationhouse, plaintiff BROWN requested medical assistance.

34. One of the individual defendants responded to plaintiff BROWN's request by handing him some tissues, and telling him to wipe the blood off himself and to "Suck it up."

35. Plaintiff BROWN stated that he was going to make a report to the Internal Affairs Bureau of the Police Department of defendant CITY OF NEW YORK.

36. Another officer present in the precinct, upon informant and belief aware that plaintiff BROWN had previously brought an action against members of the New York City Police Department, informed his fellow officers that plaintiff BROWN was serious.

37. Defendant NEVILLE, upon being informed that plaintiff BROWN had previously sued members of the New York City Police Department, now stated to plaintiff BROWN, "Come on, Brown. We know we were both wrong."

38. Plaintiff BROWN requested to be taken to a hospital.

39. However, plaintiff BROWN was told that if he went to a hospital it would extend his time in custody and delay his arraignment.

40. Consequently, plaintiff BROWN agreed to be taken to Queens Central Booking, to where he was transported at about midnight.

41. Between 7:00 P.M. and 8:00 P.M. on May 10, 2013, plaintiff BROWN was brought before a Judge of the Criminal Court of the City of New York, Queens County, where he was charged, on the complaint of defendant HUDSON, with unlawful possession of marijuana, a violation; disorderly conduct, a violation; and resisting arrest, a misdemeanor.

42. Plaintiff BROWN was released on his own recognizance.

43. On November 21, 2013, plaintiff BROWN pled guilty to disorderly conduct in Criminal Court of the City of New York, Queens County and subsequently paid a fine.

44. The individual defendants violated plaintiff BROWN's right to be free from unlawful searches and excessive force, guaranteed to him by the fourth amendment to the Constitution of the United States and his right to the due process of law guaranteed to him by the fourteenth amendment to the Constitution of the United States in that, acting under color of state law, they, without any cause or provocation whatsoever, unlawfully searched in his pockets, brutally and severely beat him, and made no efforts to stop the beating.

45. Because of the aforementioned acts committed against him by the individual defendants hereto, plaintiff BROWN suffered a deprivation of his right to be free from an unlawful search and the use of excessive force, guaranteed to him by the Fourth Amendment to the Constitution of the United States; and his right to the due process of law guaranteed to him by the fourteenth amendment to the Constitution of

the United States, and, as a result, suffered serious physical injuries, that required medical treatment.

46. By reason of the aforementioned unconstitutional and illegal actions taken against him by the individual defendants, plaintiff BROWN has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTFF RICARDO BROWN
### AGAINST DEFENDANTS NEVILLE
### AND THE CITY OF NEW YORK
### (Battery)

47. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "46" hereinabove as if more fully set forth at length herein.

48. On or about May 9, 2013, at approximately 10:00 P.M., on a public walkway located between the premises 56-10 and 56-16 Beach Channel Drive in the County of Queens, City and State of New York, defendant NEVILLE, without probable cause therefor, offensively touched plaintiff BROWN by striking him with a baton, throwing him to the ground, stomping on him, rear-handcuffing him, and continuing to strike him after he had handcuffed him.

49. The aforementioned force used by defendant NEVILLE was not reasonable under the circumstances.

50. At the aforementioned time and place, defendant NEVILLE was acting within the scope of his employment by defendant CITY OF NEW YORK.

51. By reason of the aforementioned battery committed against him by defendant NEVILLE, while said defendant was acting within the scope of his

employment by defendant CITY OF NEW YORK, plaintiff suffered serious physical injuries that he required medical treatment for.

52. As a result of the battery committed upon him by defendant NEVILLE, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant NEVILLE.

**AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF PLAINTIFF BRANDON GREEN
<u>AGAINST THE INDIVIDUAL DEFENDANTS</u>
(42 U.S.C. §1983)**

53. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "52" hereinabove as if more fully set forth at length herein.

54. On or about May 9, 2013, at approximately 10:00 P.M., plaintiff GREEN was lawfully present with his brother, plaintiff BROWN, on a public walkway that runs between the premises with the addresses 56-10 and 56-16 Beach Channel Drive in the County of Queens, City and State of New York.

55. At the aforementioned time and place, one of the individual defendants hereto took hold of plaintiff GREEN, and, without reasonable suspicion or probable cause therefor, patted him down and unlawfully searched his pockets.

56. Plaintiff GREEN protested the aforementioned treatment that his brother and co-plaintiff, RICARDO BROWN, was receiving.

57. As a result of his voicing his protest, one or more of the individual defendants hereto grabbed plaintiff GREEN from behind, threw him to the ground, hit him with batons, kicked him, rear-handcuffed him and arrested him.

58. Not one of the other individual defendants made any attempt whatsoever to prevent the aforementioned individual defendant or defendants from assaulting plaintiff GREEN.

59. Plaintiff GREEN was taken to the stationhouse of the 101st Precinct, in the same Police Department motor vehicle as was his brother, plaintiff BROWN.

60. Plaintiff GREEN was kept in custody at the 101st Precinct and Queens Central Booking until he went before a judge of the Criminal Court of the City of New York, Queens County, at approximately 8:00 P.M. on May 10, 2013.

61. Plaintiff GREEN was falsely and maliciously charged on the complaint of defendant COSPITO with disorderly conduct, a violation, and resisting arrest, a misdemeanor.

62. Plaintiff GREEN was released on his own recognizance.

63. Plaintiff GREEN sought treatment for his injuries at a hospital.

64. At his next court appearance, on July 15, 2013, plaintiff GREEN received an adjournment in contemplation of dismissal.

65. All charges against plaintiff GREEN were dismissed and sealed on January 15, 2014.

66. The individual defendants violated plaintiff GREEN's right to be arrested only with probable cause and to be free from an unlawful search and from excessive force, guaranteed to him by the fourth amendment to the Constitution of the United States, and his right to the due process of law guaranteed to him by the fourteenth amendment to the Constitution of the United States in that, acting under color of state law, they, without any cause or provocation whatsoever, unlawfully searched in his

pockets, brutally and severely beat him, failed to prevent his being beaten, falsely placed him under arrest and falsely imprisoned him.

67. Because of the aforementioned acts committed against him by the individual defendants hereto, plaintiff GREEN suffered a deprivation of his rights to be arrested only with probable cause, and to be free from an unlawful search and from excessive force, guaranteed to him by the fourth amendment to the Constitution of the United States; and his right to the due process of law guaranteed to him by the fourteenth amendment to the Constitution of the United States, and, as a result, suffered a loss of his liberty, and suffered serious physical injuries requiring medical treatment.

68. By reason of the aforementioned unconstitutional and illegal actions taken against him by the individual defendants, plaintiff GREEN has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF BRANDON GREEN AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF NEW YORK
(Battery)

69. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "68" hereinabove as if more fully set forth at length herein.

70. On or about May 9, 2013, at approximately 10:00 P.M., on a public walkway located between the premises 56-10 and 56-16 Beach Channel Drive, in the County of Queens, City and State of New York, one or more of the individual defendants, without probable cause, offensively touched plaintiff GREEN by striking him

with a baton, throwing him to the ground, stomping on him, rear-handcuffing him, and continuing to strike him after handcuffing him.

71. The aforementioned force used by one or more of the individual defendants was not reasonable under the circumstances.

72. At the aforementioned time and place, the individual defendants were acting within the scope of their employment by defendant CITY OF NEW YORK.

73. By reason of the aforementioned battery committed against him by one or more of the individual defendants, while said defendants were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff GREEN suffered serious physical injuries and required medical treatment therefor.

74. As a result of the battery committed upon him by one or more of the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff GREEN has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF BRANDON GREEN AGAINST DEFENDANT COSPITO <u>AND THE CITY OF NEW YORK</u>
### (False Arrest)

75. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "74" hereinabove as if more fully set forth at length herein.

76. On or about May 9, 2013, at approximately 10:00 P.M., on a public walkway located between the premises 56-10 and 56-16 Beach Channel Drive in the County of Queens, City and State of New York, defendant COSPITO, without probable cause therefor, forcibly, wrongfully and unlawfully arrested plaintiff GREEN and, against

plaintiff GREEN's own free will, caused him to be incarcerated for approximately twenty-four hours.

77. Defendant COSPITO illegally, falsely, maliciously, wrongfully, and unlawfully accused plaintiff of having committed the violation of disorderly conduct and the misdemeanor of resisting arrest.

78. Plaintiff GREEN was illegally, falsely, maliciously, wrongfully and unlawfully kept in confinement at the stationhouse of the 101st Precinct and at Queens Central Booking for approximately twenty-four hours.

79. At the time he committed the aforementioned acts of false arrest and false imprisonment, defendant COSPITO was acting within the scope of his employment by defendant CITY OF NEW YORK.

80. By reason of the false arrest and false imprisonment committed against him by defendant COSPITO, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff GREEN suffered both a loss of his liberty and serious physical injuries that required medical treatment.

81. As a result of the aforesaid acts of false arrest and false imprisonment committed against him by defendant COSPITO, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff GREEN was damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant COSPITO.

WHEREFORE, plaintiffs, RICARDO BROWN and BRANDON GREEN, demand judgment against defendants, P.O. WILLIAM NEVILLE, Shield No. 13746, P.O. DAVID HUDSON, Shield No. 22134, P.O. MICHAEL COSPITO, Shield No. 12069, P.O.

ALFONSO VARGAS, Shield No. 15386, SERGEANT "JOHN DOE," P.O. "JANE DOE" and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: An amount sufficient to compensate plaintiff BROWN for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants;

SECOND CAUSE OF ACTION: An amount sufficient to compensate plaintiff BROWN for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant NEVILLE; and

THIRD CAUSE OF ACTION: An amount sufficient to compensate plaintiff GREEN for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants; and

FOURTH CAUSE OF ACTION: An amount sufficient to compensate plaintiff GREEN for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants; and

FIFTH CAUSE OF ACTION: An amount sufficient to compensate plaintiff GREEN for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant COSPITO.

In addition, plaintiffs demand the costs and disbursements of this action, including their attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
November 20, 2014

ALAN D. LEVINE, ESQ.
Attorney for Plaintiffs
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
Our File No: 2281